USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUSTICE WARING,     :
                    :      **DECISION & ORDER**
         Petitioner,:
                    :      17 Cr. 50 (RMB)
    -v-             :      19 Cv. 7982 (RMB)
                    :
UNITED STATES OF AMERICA, :
                    :
         Respondent.:
------------------------------------------------------------x

**Background**

Having carefully reviewed the record in these proceedings, including: (i) Justice Waring's ("Waring" or "Petitioner") pro se motion under 28 U.S.C. § 2255, dated August 12, 2019 and filed on August 26, 2019, to vacate his March 10, 2017 conviction by plea for possessing a firearm after having been convicted of a felony under 18 U.S.C. § 922(g)(1). Petitioner seeks to rely upon the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019) and contends the "Government failed to prove that Mr. Waring knew that . . . he was a felon in violation of 18 U.S.C. § 922(g)"; (ii) the Government's opposition brief, dated October 30, 2019, contending that Waring's motion "should be denied as procedurally defaulted because the defendant never raised it prior to his guilty plea or on direct appeal"; (iii) Waring's reply brief, dated January 6, 2020 and filed on January 10, 2020; (iv) the Indictment, dated January 23, 2017, charging Waring with being a "felon in possession of a firearm" under 18 U.S.C. § 922(g)(1) and with "possession of a firearm in a school zone" under 18 U.S.C.

922(q)(2)(a); and (v) the transcript of Waring's plea allocution, dated March 10, 2017, **the Court denies Waring's motion to vacate his conviction.**[1]

**Legal Standard**

"Where [as here] a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas . . . [only] if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019) (internal quotation marks and citations omitted). Prejudice must be "'actual prejudice' resulting from the errors of which" the petitioner complains. See United States v. Frady, 456 U.S. 152, 167–68 (1982). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).

**Analysis**

18 U.S.C. § 922(g)(1) states that "[i]t shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition." Relatedly, 18 U.S.C. § 924(a)(2) provides that "[w]hoever knowingly violates subsection . . . [(g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." In Rehaif v. United States, the Supreme Court clarified that to convict a defendant under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it," i.e. that he had been

---

[1] Any arguments or issues raised by the parties but not specifically addressed herein have been considered by the Court and rejected.

2

convicted of a crime punishable by at least one year of imprisonment. See Rehaif, 139 S. Ct. at 2194.

It is undisputed that Waring was "convicted in [a] court of a crime punishable by imprisonment for a term exceeding one year" in 2012. See 18 U.S.C § 922(g)(1). It is also undisputed that "the indictment fails to allege, as Rehaif now requires, that [Waring] **knew** that fact." See United States v. Bryant, No. 11 CR 765, 2020 WL 353424, at *2 (E.D.N.Y. Jan. 21, 2020) (emphasis in original). The issue before the Court is whether this omission requires that Waring's conviction be vacated. It does not. See Bryant, 2020 WL 353424, at *2; see also United States v. Keith, No. 17-4015, 2020 WL 865027, at *2 (2d Cir. Feb. 21, 2020) ("Here, because the government would have such persuasive proof of [the defendant's] awareness that he was a convicted felon, we see no reasonable probability that [the defendant] would not have entered the plea had the District Court correctly explained the elements of the offense."); United States v. Balde, 943 F.3d 73, 97 (2d Cir. 2019) ("We can conceive of cases in which there would be a plausible argument that a *Rehaif* error had no impact on defendant's conviction by a jury, or decision to plead guilty.").

The Government argues persuasively that Waring's § 2255 motion "is procedurally defaulted because the defendant never raised his claim that the indictment was defective before his guilty plea or in a direct appeal." See Gov. Br. at 6. Waring does not dispute this, but he asserts unpersuasively that he can establish "cause and prejudice" and "actual innocence." See Waring Reply Br. at 2–5.

Waring argues that the "reason for not presenting [his challenge on direct appeal was] because it has just been recently made aware to me by The Supreme court in Rehaif v. United States," see Waring Mot. at 11, and because he is not procedurally barred "[u]nless the

3

Government can cite a precedent case in relation to pre-Rehaif to show Movant's cause is procedurally defaulted," see Waring Reply Br. at 4. Waring fails to prove he had cause to excuse his procedural default. For one thing, it was not the Government's burden to prove that he did not have cause. For another, cause exists where the Supreme Court "has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application." Reed v. Ross, 468 U.S. 1, 17 (1984). Waring cannot demonstrate cause because the "issue decided in Rehaif was percolating in the courts for years," and certainly at the time Waring entered his plea in March 2017. See Bryant, 2020 WL 353424, at *3; see also Bousley, 523 U.S. at 622 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." (internal quotation marks omitted)).

And, Waring "cannot demonstrate that his failure to raise the *Rehaif* claim actually prejudiced him." See Gov. Br. at 6. The transcript of Waring's plea allocution shows that he knew he had been "convicted in [a] court of a crime punishable by imprisonment for a term exceeding one year." See Mar. 10, 2017 Tr. at 13. When asked by the Court to explain his offenses in his own words, Waring said: "In November 2016, I possessed a firearm within a thousand feet of a school zone in the Bronx. I was convicted of third degree robbery, a felony, in 2012. I knew it was illegal for me to possess a firearm." See id. Waring "cannot make any credible claim that he was actually prejudiced by any alleged defect in the indictment failing to allege that 'Mr. Waring *knew* that [he] engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon in violation of 18 U.S.C. § 922(b)).'" See Gov. Br. at 7; see also Bryant, 2020 WL 353424, at *4 (Section 2255

4

petitioner "could not establish prejudice because there is sufficient evidence in the record to establish his knowledge of his status").

Nor can Waring prove that he is actually innocent of the felon in possession offense. Waring asserts that because "the Government has the burden to prove" that Waring knew he was barred from possessing a firearm under § 922(g), Waring "is actually innocent of the crime." See Waring Reply Br. at 5. Waring is correct that Rehaif requires the Government to establish that Waring knew he was not permitted to possess a firearm. See Rehaif, 139 S. Ct. at 2200. But the Government's failure to allege his knowledge as an element of the offense in the Indictment or during the plea allocution does not render Waring innocent because "[a]ctual innocence means factual innocence, not mere legal insufficiency." See Bousley, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. Waring admitted during his plea allocution that "I possessed a firearm," and that he "was convicted of third degree robbery, a felony, in 2012," and "knew it was illegal for [him] to possess a firearm." See Mar. 10, 2017 Tr. at 13; see also p.4 above. Waring cannot demonstrate that he is actually innocent of knowingly and illegally possessing a firearm as a felon or that "it is more likely than not that no reasonable juror would have convicted him" of being a felon in possession. See Bousley, 523 U.S. at 623.

**Certificate of Appealability**

The Court declines to grant Waring a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**Conclusion and Order**

For the reasons stated herein, the Petitioner's motion (#38 in 17-cr-50 and #2 in 19-cv-7982) is denied.

Dated: New York, New York
February 25, 2020

*RMB*

_____
**RICHARD M. BERMAN, U.S.D.J.**