UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,           :
                                                         :
                 Government,               :              17 Cr 50 (RMB)
- against -                                        :
                                                         :             **DECISION & ORDER**
JUSTICE WARING,                       :
                                                         :
                 Defendant.                 :
------------------------------------------------------------x

        This Decision & Order resolves two pro se motions made by defendant Justice Waring ("Waring"):

(i)      A motion for reconsideration of the Court's May 3, 2019 denial of Waring's request to have his federal sentence run concurrently with a previously imposed state sentence, received August 25, 2021; and

(ii)     A motion to reduce his sentence from 78 to 70 months, received April 29, 2022 and supplemented May 16, 2022.

For the reasons stated below, the motions are respectfully denied.[1]

I.      Background

        On November 4, 2016, Waring, then 25 years old, encountered an individual he knew on a street corner near a public school in the Bronx. (PSR ¶¶ 10, 14.) When the individual displayed a gun, Waring left and returned with his own gun. (Id. at 14.) He fired approximately five rounds. (May 27, 2022 Gov't Opp. at 1, ECF No. 54.) No one was shot or otherwise injured. (Id.) Waring

---

[1] Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.

1

fled and dropped the gun by a tree next to the nearby school. (PSR ¶¶ 11, 13.) He was arrested soon after. (Id. at 11.)

At relevant times, Waring "was on parole following a September 2012 conviction for criminal possession of a weapon." (Sept. 16, 2021 Gov't Opp. at 1, ECF No. 51.) Upon his arrest on November 4, 2016, the New York State Division of Parole imposed a twelve-month hold (the "Parole Hold") on Waring and took him into state custody. (Id.) On December 29, 2016, the U.S. Attorney's Office for the Southern District of New York brought charges against Waring "for being a felon in possession of a firearm and for possessing a firearm in a school zone." (Id.) On January 12, 2017, Waring was taken into federal custody following a writ of habeas corpus ad prosequendum. (Id.)

On March 10, 2017, Waring pleaded guilty in federal court to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and one count of Possession of a Firearm in a School Zone in violation of 18 U.S.C. § 922(q)(2)(A). (PSR ¶¶ 2–4.) Waring's Sentencing Guidelines range was 70 to 87 months; his offense level was 23; and his criminal history category was IV. (PSR ¶ 67.) On July 11, 2017, the Court sentenced Waring to 78 months imprisonment followed by 3 years of supervised released ("Federal Sentence"). (See July 11, 2017 Judgment.)

On August 4, 2017, Waring was transferred back to state custody pursuant to his Parole Hold. (Sept. 16, 2021 Gov't Opp. at 1.) Waring's time in federal custody (eight months) was credited to his Parole Hold. (Id.) On December 4, 2017, Waring began serving his Federal Sentence. (Id.) He is currently incarcerated at USP Canaan in Waymart, Pennsylvania. (See Inmate Database, BOP.) His projected release date is July 11, 2023. (Id.)

On May 31, 2018, the Court denied Waring's pro se motion requesting credit for the time he served in federal custody while awaiting sentencing because that time had already been credited toward Waring's Parole Hold for his state parole violation. See May 31, 2018 Judgment; see also 18 U.S.C. § 3585(b)(1) (emphasis added) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences– as a result of the offense for which the sentence was imposed . . . *that has not been credited against another sentence*.").

On May 3, 2019, the Court denied Waring's pro se motion requesting that the Court "run [his Federal Sentence] concurrently to the undischarged portion of the Parole Hold pursuant to U.S.S.G. 5G1.3(b)," which would have effectively reduced Waring's Federal Sentence by four months. See May 3, 2019 Ord. at 1. In denying the motion, the Court found that: (i) Waring offered "no compelling rationale or circumstances for the relief he sought"; (ii) the U.S. Sentencing Guidelines recommended a consecutive sentence because Waring was on state parole "at the time of the instant [Federal] offense and [ ] had such . . . parole . . . revoked" (see U.S.S.G. § 5G1.3 Application Note 4(C)); and (iii) the Federal Sentence "was fully supported by and consistent with the 18 U.S.C. § 3553(a) factors." (May 3, 2019 Ord. at 2–5.)

II. Waring's Motions for Reconsideration and Sentence Reduction

    A. Motion for Reconsideration

Waring's August 25, 2021 letter asks the Court "to reconsider the last decision that was made 2 years ago regarding time credit." (ECF No. 49.) The Court construes this request as a motion for reconsideration of its May 3, 2019 decision denying Waring's request to have his federal and state sentences run concurrently. Waring contends that: (i) he has been "using [his] time to better [him]self" by completing the 18-month Cadre program, as well as GED and other

3

courses; and (ii) as "Covid is not going anywhere . . . [his] family is struggling and needs [him] home to help out." (Id.)

The Government opposes the motion, contending that: (i) under the U.S. Sentencing Guidelines, the sentences should run consecutively because "the Parole Hold had already been imposed prior to the imposition of the Federal Sentence"; and (ii) a consecutive sentence was appropriate because Waring's conduct "was incredibly dangerous: he shot a gun multiple times on a crowded street." (Sept. 16, 2021 Gov't Opp. at 2.)

### B. Motion for Sentence Reduction

Waring's April 29, 2022 letter states, "I am writing this letter today [to] ask the court[] to reduce[] my sentence from 78 to 70 months . . . ." (ECF No. 52.) Waring contends that: (i) he has "8 uncredit[ed] months" from the time he spent in federal custody awaiting his Federal Sentence; (ii) he has been participating in "programming and finishing school and [his] OSHA" certification; and (iii) "his mother pass[ed] away," and he was not notified for eight days. (Id.)

The Government opposes the motion, responding that: (i) "the time the defendant spent in federal custody from January 12, 2017 to August 4, 2017 is not credited to his federal sentence because that time was credited to the defendant's Parole Hold" (Sept. 16, 2021 Gov't Opp. at 2); (ii) Waring's conduct in prison, such as earning his GED, "does not amount to 'extraordinary and compelling reasons' justifying his early release"; and (iii) "[t]he Section 3553(a) factors supported a sentence of 78 months." (May 27, 2022 Gov't Opp. at 3.)

## III. Legal Standards

### A. Reconsideration

"A motion for reconsideration . . . shall be filed and served within fourteen (14) days after the Court's determination of the original motion." Local Criminal Rule 49.1(d). "[U]ntimeliness

4

is itself a sufficient basis for denial" of a motion for reconsideration. See United States v. Lisi, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020). "[A] moving party's pro se status will not, on its own, excuse a delay." United States v. Okparaeke, 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019).

"The standard for granting motions for reconsideration is strict, and a court may grant reconsideration only where the moving party demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Alvarez-Estevez, 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6, 2014) (internal quotation marks omitted). The moving party must "set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Criminal Rule 49.1(d).

B.   Sentence Reduction

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

Under 18 U.S.C. § 3582(c)(1)(A)(i), "a court may reduce a defendant's sentence only if it finds that extraordinary and compelling reasons warrant such a reduction." United States v. Beniquez, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted). "The defendant bears the burden of proving that he is entitled to compassionate release." United States v. Phillibert, 2021 WL 3855894, at *2 (S.D.N.Y. Aug. 27, 2021).

The Court looks to § 1B1.13 of the Sentencing Guidelines for "guidance in the exercise of its discretion." United States v. Rodriguez, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). The district court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

5

The 18 U.S.C. § 3553(a) factors, including the danger a defendant poses to the community, "override any extraordinary and compelling reasons [that may justify] his release." United States v. Serrano, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); accord United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021).

IV. Reconsideration

Waring's motion for reconsideration was not submitted within 14 days after the Court's rejection of his initial motion on May 3, 2019, and is time-barred under Local Criminal Rule 49.1(d). See Simon v. United States, 2021 WL 242360, at *2 (S.D.N.Y. Jan. 25, 2021) (denying defendant's motion for reconsideration as time-barred when it was submitted "thirty-five days after the Court issued the [original] Order"). Even if the motion were timely, Waring does not satisfy the strict standard for reconsideration. He does not identify a change in law, new evidence, clear error, or any other legal reason warranting reconsideration. See United States v. Jones, 2021 WL 4951044, at *2 (S.D.N.Y. Oct. 25, 2021) (declining to reconsider defendant's motion where defendant "point[ed] to no legal reason or controlling decision that would call for reconsideration").

V. Sentence Reduction

The Court denies Waring's motion for sentence reduction because he has not exhausted administrative remedies and because he fails to show extraordinary and compelling circumstances warranting early release. And, the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction.

No Exhaustion of Administrative Remedies

Waring does not contend that he has presented his claim to the Bureau of Prisons or to the warden as required under 18 U.S.C. § 3582(c)(1)(A). The burden is on Waring to show that he has exhausted administrative remedies. See United States v. Hart, 2020 WL 1989299, at *2 (S.D.N.Y.

Apr. 27, 2020) ("[B]ecause Defendant has not exhausted his administrative remedies, his motion [for compassionate release] must be dismissed at this time.").

### Failure to Show Extraordinary and Compelling Reasons for Sentence Reduction

Even if Waring had exhausted administrative remedies, he has not demonstrated extraordinary and compelling reasons that would justify early release. It is not extraordinary or compelling that his time in federal custody from January 12, 2017 to August 4, 2017 was not credited to his Federal Sentence because "th[at] time . . . was credited to his Parole Hold." (May 27, 2022 Gov't Opp. at 1); see also 18 U.S.C. § 3585(b)(1).

Waring's educational achievements in prison, such as earning his GED and OSHA certification, although laudatory, are not extraordinary and compelling. While the Court commends Waring for the steps he has taken to better himself and grow as person, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); see United States v. Lewis, 2021 WL 1873154, at *2 (S.D.N.Y. May 10, 2021) (denying compassionate release where defendant "obtained a GED, worked in prison, and matured").

The Court offers its condolences to Mr. Waring for the passing of his mother on March 14, 2022. However, the death of a family member, on its own, is not an extraordinary and compelling reason for sentence reduction. See United States v. Padilla, 2021 WL 242463, at *3 (S.D.N.Y. Jan. 25, 2021) (denying compassionate release where defendant's brother had recently died).

### The 18 U.S.C. § 3553(a) Factors Weigh Against Early Release

The Court also finds that the sentencing factors at 18 U.S.C. §3553(a), including danger to the community, weigh against early release. Waring's offense level was 23; his criminal history category was IV; and the guidelines range was 70 to 87 months imprisonment. (PSR ¶ 67.) The Government states that Waring's offense was "incredibly serious." (May 27, 2022 Gov't Opp. at 3.) "It was 5:30 [p.m.] on a busy street in the Bronx, and he made the conscious decision to go

retrieve a gun, bring it back, and let off five rounds." (Sentencing Tr. 10:21–23.) "[I]n doing so, he needlessly endangered the lives of innocent bystanders." (May 27, 2022 Gov't Opp. at 3); see United States v. Heyward, 2020 WL 3872148, at *4 (S.D.N.Y. July 9, 2020) (denying compassionate release where defendant's conduct included "firing guns into public spaces, jeopardizing public safety").

Waring has a troublesome history of criminal behavior. "[He] has previous convictions for Criminal Sale of a Controlled Substance, Assault in the Third Degree, Criminal Possession of a Weapon in the Second and Fourth Degree, Robbery in the Third Degree, and Trespass." (PSR at 16.) And, when Waring committed his most recent federal offense, he was "on parole from [his] prior conviction for possessing a firearm." (May 27, 2022 Gov't Opp. at 3); see also United States v. Broadus, 2020 WL 3001040, at *3 (S.D.N.Y. June 4, 2020) (denying compassionate release because defendant's "prior term of incarceration did not deter him from engaging in the instant criminal conduct"). Reducing Waring's sentence now "would send the wrong message that a violent crime like this is OK." See Broadus, 2020 WL 3001040, at *3.

In sum, granting Waring's motion for sentence reduction would not reflect the seriousness of his offense, promote respect for the law, afford adequate deterrence, or protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

VI. Conclusion & Order

For the foregoing reasons, Waring's motion for reconsideration (ECF No. 49) and his motion for compassionate release (ECF Nos. 52, 53) are respectfully denied.

Dated: New York, New York
June 22, 2022

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**

8